UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                                  Chapter 11

HAMPTON BAY MANOR, LLC.                               Case No. 19-40749 (JMM)

                                           Debtor.
------------------------------------------------------------x

# STIPULATION EXTENDING CLAIMS
# OBJECTION DEADLINE TO OCTOBER 12, 2021

**WHEREAS,** on or about February 6, 2019, Hampton Bay Manor, LLC ("Hampton"[1]) filed, in the U.S. Bankruptcy Court for the Eastern District of New York, a petition for bankruptcy (Ch. 11), which bankruptcy action bears Case No. 19-40749 ~~(CEC)~~ **(JMM)** (the "Bankruptcy Action" and the court being the "Bankruptcy Court"); and

**WHEREAS**, on or about November 17, 2016, Westchester, as surety, issued a Bond Discharging Mechanic's Lien bearing number K09545311 on behalf of Hampton, as principal, in favor of Magnum and/or the Clerk of the County of Suffolk, and in the amount of Six Hundred Fifty Six Thousand Seven Hundred Ninety dollars and Thirteen cents ($656,790.13) ("Lien Discharge Bond"); and

**WHEREAS**, in connection with the Lien Discharge Bond, on or about January 3, 2017, Hampton executed a General Agreement of Indemnity in favor of Westchester, among others, in which Hampton became obligated to indemnity and save harmless Westchester from, among other things, any and all liability, claim, demand, loss, damages, expense, cost, attorney's fees and expense incurred by Westchester, by reason of its execution of any bond or payment, among other things; and

**WHEREAS**, Magnum filed a proof of claim against Hampton in the Bankruptcy Action, which claim was registered on the claims docket as claim no. 4-1 ("Magnum Bankruptcy Claim"), the basis of such claim being a mechanic's lien in the alleged principal amount of $597,081.94 plus interest representing an alleged unpaid labor performed and/or materials furnished to the Debtor; and

---

[1] Hampton shall also refer to its Bankruptcy Estate, as well as, as applicable, the Disbursing Agent.

**WHEREAS**, Westchester has filed a proof of claim against Hampton in the Bankruptcy Action, which claim is registered on the claims docket as claim no. 6-1 ("Westchester Bankruptcy Claim"), the basis of such claim being, among other things, Westchester's claim for indemnity from Hampton with respect to the Bond Discharge Lien, as well as any subrogation claim; and

**WHEREAS**, on or about August 27, 2021, a notice of the transfer of the Magnum Bankruptcy Claim to Westchester (*Transfer of Claim Other than for Security*), was filed in the Bankruptcy Action (DE 213); and

**WHEREAS**, the claims registry in the Bankruptcy Action now reflects that Westchester is the creditor with respect to claim no. 4-1; and

**WHEREAS**, on or about January 19, 2021, the Bankruptcy Court entered an *Amended Order Confirming Exiting Lenders' Amended Chapter 11 Plan of Reorganization as Supplemented and Approving the Accompanying Disclosure Statement* (DE 199) (the "Confirmation Order"), in which, among other things, the Disbursing Agent was recognized as such; and

**WHEREAS**, the Confirmation Order fixed February 1, 2021 as the deadline (the "Objection Deadline") for Hampton, through the Disbursing Agent, to file objections to claims; and

**WHEREAS**, by a series of Orders, the Objection Deadline has been extended from time and currently expires on September 10, 2021; and

**WHEREAS**, Westchester and Hampton are close to resolving Hampton's informal objections to the claims filed by Magnum and Westchester and desire to extend the Objection Deadline for an additional thirty (30) days to avoid the time and expense of filing formal objections to claims in light of the progress in the settlement discussions.

NOW, THEREFORE, it is

STIPULATED AND AGREED among the parties as follows:

1. The Objection Deadline is hereby extended to and including October 12, 2021.

2. All rights are otherwise reserved by the respective Parties.

3. This Stipulation may be executed in counterparts, any one of which shall be deemed to be an original instrument. Any proof of the Stipulation shall require production of only one such counterpart duly executed by the party to be charged therewith. Signatures transmitted by facsimile or email, including PDF copies of signatures, shall be accepted and deemed to be original signatures and shall be binding on the Parties upon signing. Copies of this Stipulation that do not contain the original, ink signature of a party shall nonetheless be deemed an original.

| | |
|---|---|
| **GOLDBERG WEPRIN FINKEL GOLDSTEIN LLP**<br>*Disbursing Agent for the Bankruptcy Estate of Hampton Bay Manor, LLC* | **McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**<br>*Attorneys for Creditor Westchester Fire Insurance Co.* |
| By: *J. Ted Donovan*<br>    J. Ted Donovan, Esq.<br>    1501 Broadway<br>    New York, NY  10036<br>    (212) 221-5700 | *Gary D. Bressler*<br>Gary D. Bressler, Esq.<br>225 Liberty Street, 36th Floor<br>New York, NY  10281<br>(212) 483-9490<br>gbressler@mdmc-law.com |
| Date: September 10, 2021 | Dated: September 10, 2021 |

**So Ordered**



**Dated: Brooklyn, New York
     September 13, 2021**

_____
**Jil Mazer-Marino
United States Bankruptcy Judge**